# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DUANE ALLEN JENKINS, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:13-CV-2643-RWS |
| MEDLOCK TAVERN, INC., STEPHEN JOHN CLARK, STEWART STAHL, DANIEL SEXTON, MIKE BURDICK, and PETER WOOLVERTON, | : |
| Defendants. | : |

## ORDER

On August 13, 2013, Magistrate Judge J. Clay Fuller entered an Order [2] permitting Plaintiff to proceed in forma pauperis in this action. The case was then referred to the undersigned for a frivolity determination. Having carefully considered the record, the Court enters the following order.

## Background

Plaintiff's Complaint was filed on August 13, 2013 [3]. The Complaint sets forth four causes of action: (1) a claim for a violation of Plaintiff's civil rights, pursuant to 42 U.S.C. § 1983, (2) a claim for false reporting of a crime, in violation of 18 U.S.C. § 1038, (3) a claim for malicious prosecution, in

AO 72A
(Rev.8/82)

violation of 42 U.S.C. § 1983, and (4) a claim for making false statements to a law enforcement officer, in violation of 18 U.S.C. § 1001.  Plaintiff asserts these claims against Defendant Medlock Tavern, a Georgia corporation, as well as individuals who appear to be officers, owners, and managers of Defendant Medlock Tavern.

## Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carrol v. Gross, 984 F.2d 393, 393 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements

2

of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Because Plaintiffs are proceeding pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

As to Plaintiff's first claim, it appears that Plaintiff is asserting a claim under 42 U.S.C. § 1983.  In order to prevail on a civil rights action under § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission at issue deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law.  The Supreme Court has stated that the definition of "acting under color of law" requires that a defendant in a § 1983 action "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988).  In this case, Plaintiff has

3

AO 72A
(Rev.8/82)

brought suit against a corporation and private actors who were not exercising a power possessed by virtue of state law. As a result, Plaintiff fails to state a § 1983 claim as a matter of law.

As to Plaintiff's claim pursuant to 18 U.S.C. § 1038, this statute is a criminal statute which makes it illegal to convey false or misleading information. There is not a private cause of action under this statute that would enable Plaintiff to bring a suit for damages under these circumstances. As a result, Plaintiff fails to state a claim pursuant to 18 U.S.C. § 1038.

As to Plaintiff's claim of malicious prosecution brought pursuant to 42 U.S.C. § 1983, for the reasons stated above regarding Plaintiff's first claim, Plaintiff has failed to state a claim.

As to Plaintiff's claim pursuant to 18 U.S.C. § 1001, this statute is a criminal statute which makes it illegal to make false statements to the government. There is not a private cause of action under this statute that would enable Plaintiff to bring a suit for damages under these circumstances. As a result, Plaintiff fails to state a claim pursuant to 18 U.S.C. § 1001.

## Conclusion

For the reasons stated above, Plaintiff's Complaint [3] does not survive

this Court's frivolity determination. The case is **DISMISSED**, and the Clerk is **DIRECTED** to close this action.

**SO ORDERED**, this  27th   day of August, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)